(No. 3489—

Pete Orlandini, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed May 12, 1943.*

Hershey & Bliss, for claimant.

George F. Barrett, Attorney General; Robert V. Ostrom, Assistant Attorney General, for respondent.

Fisher, J.

Claim was filed April 30, 1940, for benefits under the Workmen's Compensation Act, for permanent disability for claimant's left leg. This claim is for injury sustained by

claimant, alleged to have arisen out of and during the course of his employment as a laborer employed by the Department of Agriculture, Division of State Fair.

Claimant alleges, that on the 4th day of May, 1939, while he was employed as a laborer at the Illinois State Fair Grounds, Springfield, Illinois, while attempting to oil a gasoline lawn mower, claimant accidentally brought his left knee into contact with the revolving steel blades of the lawn mower, causing the injury to his left knee which resulted in a permanent disability of sixty (60) per cent loss of use of the left knee.

Claimant alleges that he has a family consisting of his wife and one son aged five months. It appears from the record, that claimant has one son born subsequent to the date of the injury and, therefore, claimant had no children under sixteen years of age at the time the injury occurred.

All medical and hospital expenses and charges have been paid by respondent.

Claimant asks for sixty (60) per cent total loss of his left leg, or the sum of $1,425.00.

The record consists of the complaint, report of the Department of Agriculture, transcript of evidence on behalf of claimant, stipulation of facts, and statement, brief and argument on behalf of claimant and respondent.

No jurisdictional questions are involved, and claimant is entitled to the benefits of the Illinois Workmen's Compensation Act. The only question for decision is the amount of disability and compensation claimant is entitled to recover. The stipulation of facts in this case includes the report of Dr. David McCarthy who was employed by the State of Illinois to make the examination. Dr. McCarthy reported that, in his opinion, the claimant suffered a thirty-five (35) per cent permanent total disability to his left knee. This court must determine how much disability to the leg may be attributed as a result of a thirty-five (35) per cent disability to claimant's left knee. The Workmen's Compensation Act does not provide specifically for the loss of the use of the knee, but provides for the loss of use of a leg, and, therefore, in computing the disability to a knee we must determine to what degree the injury affects the entire leg. An entire loss of use of a knee is, at most, regarded as a fifty (50) per cent loss of the use of a leg and, this injury being a thirty-five (35) per

cent loss of use of the knee, it would, on this basis, amount to thirty-five (35) per cent of fifty (50) per cent, or seventeen and one-half (17½) per cent loss of the use of a leg.

Claimant was employed at $25.00 per week, and it appears that workmen engaged in a similar capacity were paid $1,300.00 per year. Section 8, (E-15) of the Workmen's Compensation Act provides for the loss of a leg or complete loss of its use, fifty per centum of the average weekly wage during 190 weeks. Fifty (50) per centum of claimant's weekly wage was $12.50, seventeen and one-half (17½) per cent of which for 190 weeks amounts to $415.62, which claimant is entitled to recover for the partial loss of the use of his left knee.

Claimant also seeks temporary total disability in the sum of $425.00. The record shows that claimant was injured May 15th and returned to work on December 9, 1939. Claimant's total disability, based on fifty (50) per cent of his average earnings for this period amounts to $387.50. He was paid $386.00, leaving a balance due claimant for temporary total disability in the sum of $1.50, or a total award of $417.12.

An award is entered in favor of claimant in the sum of $417.12, all of which is accrued and is payable forthwith.

This award being subject to the provisions of an Act entitled, "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Fund in the manner provided for in such Act.